UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RALPH S. GUASTAFERRO, JR.,

        Defendant.

**DECISION AND ORDER**

09-CR-00347(S)(M)

---

## INTRODUCTION

Before me is the motion of defendant's attorney, Rodney O. Personius, Esq., to make his appointment under the Criminal Justice Act, 18 U.S.C. §3006A(b) ("CJA") *nunc pro tunc* to February 1, 2009 [10,18].

## BACKGROUND

On October 15, 2009, defendant was charged with laundering of monetary instruments in violation of 18 U.S.C. §1956(a)(2). Information [1].[1] He subsequently pled guilty [7, 14], and is awaiting sentencing by Hon. William M. Skretny.

Accompanied by Mr. Personius, defendant initially appeared before me on November 5, 2009 [2], and requested appointment of CJA counsel. After qualifying defendant for appointment of counsel, I appointed Mr. Personius to represent him [2]. Mr. Personius orally requested at that time that his appointment be made *nunc pro tunc* to February 1, 2009, and

---

[1]     Bracketed references are to CM-ECF docket entries.

thereafter submitted letters dated November 17, 2009 [10] and January 7, 2010 [18] in support of that request. He notes that the government does not oppose the request.

**ANALYSIS**

In making an appointment of counsel under the CJA, "the court has discretion to determine whether the appointment should be retroactive". United States v. Deluca, 912 F. 2d 183, 183 (7th Cir. 1990); 18 U.S.C. §3006A(b) ("such appointment *may* be made retroactive to include any representation furnished pursuant to the plan prior to appointment" (emphasis added).

However, I also have "an obligation to ensure that CJA funds are not abused, either intentionally or unintentionally . . . . [because] the public funds available for CJA services are severely limited." United States v. Parker, 2004 WL 2095684, *8 (W.D.N.Y. 2004) (Arcara, J.), aff'd, 439 F. 3d 81 (2d Cir. 2006), cert. denied, 549 U.S. 985 (2006). Therefore, an attorney seeking CJA appointment is not entitled to "a fee in excess of what he would have received if he had been appointed under the CJA at the outset". Id., *10.

While I have no doubt that Mr. Personius rendered valuable service to defendant prior to his CJA appointment, his January 7, 2010 letter [18] candidly acknowledges that if he were appointed *nunc pro tunc* to February 1, 2009, his total compensation (from amounts previously paid by defendant plus CJA payments) would exceed the compensation which he would have received had he been appointed CJA counsel on February 1, 2009. Therefore, mindful of my obligations as a steward of limited CJA funds, I must deny Mr. Personius' request.

## CONCLUSION

For these reasons, counsel's motion [10,18] is denied.

**SO ORDERED.**


Dated: March 1, 2010

>/s/ Jeremiah J. McCarthy
>JEREMIAH J. MCCARTHY
>United States Magistrate Judge